UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ROBERT D. YIM, | Case No. 16-cv-03610-MEJ (PR) |
|---|---|
| Petitioner, | |
| v. | **ORDER TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSE CASE; DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS** |
| JOE A. LIZARRAGA, Warden, | |
| Respondent. | Re: Dkt. Nos. 2, 8 |

Robert D. Yim, a state prisoner proceeding *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application to proceed *in forma pauperis*. Petitioner has also filed a motion to stay his federal petition while he exhausts his remedies in state court.

**BACKGROUND**

The petition provides the following information: In 2014, an Alameda County jury found petitioner guilty of second degree murder and multiple attempted murders, and found true certain sentencing enhancements. He was sentenced to 87 years to life in state prison. Petitioner appealed. In 2015, the California Court of Appeal affirmed the judgment, and the California Supreme Court denied review. On June 27, 2016, petitioner filed the instant federal petition.

**DISCUSSION**

**A.    Review of Petition**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it

1   appears from the application that the applicant or person detained is not entitled thereto." 28

2   U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are

3   vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*,

4   908 F.2d 490, 491 (9th Cir. 1990).

5         As grounds for federal habeas relief, petitioner claims: (1) the prosecutor committed

6   misconduct by posing inflammatory questions to a witness; (2) the trial court erred in denying

7   petitioner's request to represent himself at sentencing for the purpose of raising a motion for a new

8   trial; and (3) the sentence constitutes cruel and unusual punishment.  Liberally construed,

9   petitioner's claims appear cognizable under § 2254 and merit an answer from respondent.  *See*

10  *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions

11  for writs of habeas corpus liberally).

12  **B.     Motion for Stay**

13        Petitioner has moved to stay these proceedings and hold his petition in abeyance so that he

14  may exhaust state court remedies for certain claims.  Petitioner states that he has filed a state

15  habeas petition in superior court asserting additional claims of ineffective assistance of trial

16  counsel.  Here, it appears that good cause exists for petitioner's failure to exhaust his claims on

17  direct appeal because his claims could be raised by way of state habeas corpus.  *People v.*

18  *Mendoza Tello*, 15 Cal. 4th 264, 266-67 (1997) (rules generally prohibiting raising issue on habeas

19  corpus that was, or could have been, raised on appeal do not bar ineffective assistance of counsel

20  claim on habeas corpus; claims of ineffective assistance are often more appropriately litigated in

21  habeas corpus proceeding).  Petitioner's claims do not appear meritless, and his failure to exhaust

22  before filing this action does not appear to be an intentional tactic to delay the proceedings.

23  Liberally construed, the *pro se* motion satisfies the criteria identified in *Rhines v. Weber*, 544 U.S.

24  269, 277-78 (2005), in which the United States Supreme Court explained that a stay and abeyance

25  "is only appropriate when the district court determines there was good cause for the petitioner's

26  failure to exhaust his claims first in state court," the claims are not meritless, and there are no

27  intentionally dilatory litigation tactics by the petitioner.  Petitioner's motion to stay and hold these

28  proceedings in abeyance is GRANTED.  The Court will stay this action.

Petitioner is cautioned that he must exhaust his claims in the California Supreme Court. *See McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988) (petitioner must present to the highest state court all claims he wishes to raise in a federal habeas petition). Petitioner must also promptly return to federal court after his state court proceedings have concluded. *See Rhines*, 544 U.S. at 277-78.

The Court notes that petitioner does not identify the scope of the ineffective assistance of counsel claims that remain pending in state court. Thus the Court lacks a complete list of the claims petitioner seeks to ultimately assert as grounds for federal habeas relief. When petitioner moves to reopen the action following exhaustion, he must file an amended petition clearly identifying each claim that has been exhausted in state court that he seeks to raise in this action.

**C.     Motion for Leave to Proceed *In Forma Pauperis***

Petitioner seeks to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. Petitioner has submitted a Certificate of Funds, signed by an authorized officer that shows that the average deposits to petitioner's account for the six months preceding the filing of the IFP application were $280.67, and the average balance in his account for the same time period was $1426.09. Based on this information, the Court finds that petitioner is able to afford the $5.00 filing fee in this action. Accordingly, his application to proceed IFP is DENIED.

**CONCLUSION**

For the foregoing reasons,

1. Petitioner's application to proceed *in forma pauperis* is DENIED. Petitioner must pay the $5.00 filing fee within **thirty (30)** days of the date of this order or face dismissal of this action for failure to pay the filing fee.

2.     Petitioner's motion for a stay is GRANTED. This action is hereby STAYED while petitioner exhausts his claims in the state courts.

3.     If petitioner is not granted relief in state court, he may return to this Court and ask that the stay be lifted. To do so, petitioner must notify this court within **thirty (30) days** from the date the California Supreme Court completes its review of petitioner's claims. The notice must clearly identify in the caption that it is to be filed in Case No. C 16-3610 MEJ (PR). Upon

petitioner's filing of the notification that his claims have been exhausted, the stay will be lifted, the case will be reopened, and the Court will schedule further proceedings.

4. The Clerk shall mail petitioner a copy of the Court's form habeas petition along with this order.

5. If petitioner does not take any further action, this case will remain stayed, and he will not receive any ruling from the Court on his petition.

6. The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay of this action. This has no legal effect; it is purely a statistical procedure.

This order terminates Docket Nos. 2 and 8.

**IT IS SO ORDERED.**

Dated: September 30, 2016

MARIA-ELENA JAMES
United States Magistrate Judge