UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT D. YIM,

    Petitioner,

v.

JOE A. LIZARRAGA, Warden,

    Respondent.

Case No. 16-cv-03610-MEJ (PR)

**ORDER TO SHOW CAUSE**

# INTRODUCTION

Robert Yim, a prisoner at Mule Creek State Prison, filed a pro se amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His amended petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. He has paid the $5.00 filing fee.

# BACKGROUND

In 2014, an Alameda County jury found petitioner guilty of second degree murder and multiple attempted murders, and found true certain sentencing enhancements. He was sentenced to 87 years to life in state prison. Petitioner appealed. In 2015, the California Court of Appeal affirmed the judgment, and the California Supreme Court denied review. Petitioner also filed various habeas petitions in the state courts. On June 27, 2016, petitioner filed the instant action.

# DISCUSSION

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose

v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.  Petitioner's Claims**

As grounds for federal habeas relief, petitioner claims: (1) the prosecutor committed misconduct by posing inflammatory questions to a witness; (2) the trial court erred in denying petitioner's request to represent himself and/or appoint new counsel at sentencing for the purpose of raising a motion for a new trial; (3) the sentence constitutes cruel and unusual punishment; (4) trial counsel rendered ineffective assistance by failing to give petitioner an opportunity to respond to a plea deal offered by the prosecution; and (5) trial counsel rendered ineffective assistance by failing to put petitioner on the stand, despite petitioner's desire to testify.  Liberally construed, petitioner's claims appear cognizable under § 2254 and merit an answer from respondent.  See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**CONCLUSION**

1.  The Clerk shall serve by mail a copy of this order and the amended petition and all attachments thereto (Docket No. 15), as well as a magistrate judge jurisdiction consent form, upon the respondent and the respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order on petitioner.

2.  Respondent shall file with the Court and serve on petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **thirty (30)** days of the date the answer is filed.

3. Respondent may file, within **sixty (60)** days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **twenty-eight (28)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fourteen (14)** days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). See Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: May 11, 2017

MARIA-ELENA JAMES
United States Magistrate Judge